# WILLIAM CADY v. TWIN CITY TAXI-CAB COMPANY.[1]

March 12, 1915.

Nos. 19,067—(289).

**Negligence — questions for jury — damages.**
> In this action to recover for personal injuries it is *held* that the questions of negligence, contributory negligence and assumption of risk were for the jury; that the verdict is sustained by the evidence; that the damages are not excessive, and that there was no prejudicial error in the charge.

Action in the district court for Ramsey county to recover $10,127 for injuries received while in defendant's employ. The case was tried before Catlin, J., and a jury which returned a verdict for $1,-970. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. A. Tenner,* for appellant.
*Todd & Kerr,* for respondent.

BUNN, J.
In this personal injury action the verdict was for the plaintiff in the sum of $1,970. Defendant appeals from an order denying its motion in the alternative for judgment notwithstanding the verdict or for a new trial.

Defendant makes the usual claims that it was not negligent; that plaintiff was; that he assumed the risk; that the damages are excessive; that there were prejudicial errors in the charge.

The evidence tended to show the following facts: Plaintiff was a taxi-cab driver in defendant's employ. Defendant maintains a workshop in the basement of its garage on East Ninth street in St. Paul. This workshop was some 85 feet long and 45 feet wide. There were small windows in one side. There was and had been for some time a pit in this room used to enable the workmen to get under

1 Reported in 151 N. W. 537.

automobiles for the purpose of making repairs. Shortly before the accident defendant constructed a new pit located some 25 feet south of the old one with the east edge about 20 feet from the east wall of the shop. This pit was about eight feet long, four feet wide and three and a half feet deep. Plaintiff and defendant's other drivers had access to the repair shop and were in the habit of going there to procure tools and new batteries for their cars when needed. On the evening of June 29, 1911, plaintiff, whose cab was stationed at Rice Park, discovered that he needed new batteries. He drove to the garage to procure them, where he was told that the batteries were locked in a certain room and that it would be necessary to get the key from one Byron, who was then in the basement shop fixing the air pump. Plaintiff then entered the work room in the basement. It was quite dark and knowing of the old pit plaintiff proceeded carefully until he had passed it. He then walked along the east wall until he saw Byron who was on a ladder against a post just to the south of the new pit. He stated his errand to Byron, who stated that he would get the batteries, descended the ladder and proceeded east. Plaintiff took a step with the idea of following Byron and fell into the new pit, sustaining the injuries complained of. There were no barriers about this pit and it had been left uncovered in order that the cement might dry. The evidence amply justifies a finding that it was so dark in the room that the pit could not be seen. Plaintiff testified and there is nothing to contradict him, that he did not know of the construction of the new pit.

It requires no more than the above statement of facts to justify the conclusion we reach, that the questions of defendant's negligence, plaintiff's negligence and assumption of risk were all jury questions and that the verdict on these issues is supported by the evidence.

The question of excessive damages is not properly before us, because it was not made a ground for a new trial in the motion made to the trial court. We will say, however, that the verdict, while large, is not so plainly excessive as to warrant our interference after the trial court has approved it.

We find no substantial merit in defendant's criticisms of the charge. There was a misstatement of a fact, but this was plainly

an inadvertence and counsel should have called the court's attention to it before the jury retired. Considering the charge as a whole, we find no error that calls for a reversal.

Order affirmed.